# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 04 C 6617 |
| | ) | Judge Joan H. Lefkow |
| MAMOUN ARMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On July 1, 2003, a jury convicted Mamoun Ali Arman ("Arman") on several counts of trafficking in counterfeit goods, specifically, cameras bearing the counterfeit "Canon" trademark, in violation of 18 U.S.C. §§ 2320 and 2. This court sentenced Arman to 63 months imprisonment, followed by 36 months of supervised release. On August 9, 2004, Arman filed a brief with the Seventh Circuit that presented four issues for appellate review: (1) ineffective assistance of counsel for failing to demonstrate the *Miranda* warnings were deficient; (2) ineffective assistance of counsel for failing to assert that the search warrant was defective; (3) improper introduction of hearsay evidence during trial; and (4) his sentence was unconstitutional. During his oral argument before the Seventh Circuit on February 16, 2005, Arman withdrew his two ineffective assistance of counsel arguments from consideration on direct appeal so he could pursue those issues exclusively before this court through his previously filed 28 U.S.C. §§ 2255 petition.[1]

---

[1] On August 3, 2005, the Seventh Circuit issued an order with regard to the two remaining issues. The Seventh Circuit denied Arman's hearsay evidence argument, but issued a limited, *Paladino* remand of Arman's *Booker* argument for the purpose of allowing the court to state whether it would have adopted the sentence actually imposed if the court had viewed the then mandatory sentencing guidelines as advisory. The court addresses that issue in a separate Memorandum Opinion and Order filed today.

A district court should not consider a § 2255 petition while an appeal is pending absent extraordinary circumstances, because the disposition of the direct appeal could render the § 2255 moot. *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999). In this case, however, the remaining argument in Arman's appeal relates solely to his sentencing, which will have no effect on the outcome of the ineffective assistance of counsel claims raised in Arman's § 2255 petition. Therefore, the court may consider the merits of Arman's § 2255 petition.

For the following reasons, both of Arman's ineffective assistance of counsel claims are without merit and Arman's § 2255 petition is dismissed.

## BACKGROUND

The background facts are set out in this court's Memorandum Opinion and Order of March 20, 2002, and are incorporated herein.

## DISCUSSION

In support of his § 2255 petition, Arman makes two claims of ineffective assistance of counsel: (1) trial counsel failed to assert that the *Miranda* warnings given to Arman were defective; and (2) trial counsel failed to assert that the search warrant was defective.

Relief under § 2255 "is reserved for extraordinary circumstances." *United States v. Hays*, 397 F.3d 564, 566 (7th Cir. 2005) (citations and internal quotations omitted). A district court must grant a § 2255 motion to vacate, set aside or correct a sentence when the petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.* at 566-67 (citations and internal quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files

2

and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

In order to establish constitutionally ineffective assistance of counsel, the petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) "that there exists a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 688, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court strongly presumes that counsel's performance was effective. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). A court need not address both prongs of the *Strickland* test if one provides the answer; that is, if a court determines that the alleged deficiency did not prejudice the defendant, the court need not consider the first prong. *United States v. Fudge*, 325 F.3d 910, 924 (7th Cir. 2003) (citing *Matheney v. Anderson*, 253 F.3d 1025, 1042 (7th Cir. 2001)). The court considers Arman's two ineffective assistance claims in light of these standards.

A.   **The *Miranda* Warnings Objection**

Arman first claims that his trial counsel was ineffective for failing to move to suppress his post-arrest statements to Markham police officers. Arman's counsel moved to suppress these statements arguing that Arman did not knowingly and intelligently waive his right to counsel. The court denied this motion. *United States v. Arman*, No. 02 CR 1085, slip op. at 5 (N.D. Ill. Mar. 20, 2003). Arman now contends that his counsel should have also argued that the *Miranda* warnings given to Arman were constitutionally defective because Arman was not informed that he had the right to have an attorney present *during* questioning.

3

Even assuming the failure to make this argument was deficient, it did not prejudice Arman because the argument would have been unsuccessful. The Supreme Court "has never indicated that the 'rigidity' of *Miranda* extends to the precise formulation of the warnings given a criminal defendant." *California v. Prysock*, 453 U.S. 355, 359, 101 S.Ct. 2806, 2809, 69 L.Ed.2d 696 (1981). Indeed, the Supreme Court has made clear that "no talismanic incantation" is required in informing a defendant of his *Miranda* rights. Thus, *Miranda* is satisfied if the warnings "reasonably convey to [a suspect] his rights as required by *Miranda*.'" *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) (quoting *Prysock*, 453 U.S. at 361).

There is a split among circuits with respect to whether informing a suspect that he has a right to an attorney before questioning effectively conveys that counsel may remain during questioning. The Fifth, Sixth, Ninth and Tenth Circuits have held that a suspect is entitled to be expressly informed that he has the right to an attorney during questioning. *See e.g. United States v. Windsor*, 389 F.2d 530, 533 (5th Cir. 1968); *United States v. Tillman*, 963 F.2d 127, 140-42 (6th Cir. 1992); *United States v. Noti*, 731 F.2d 610, 615 (9th Cir. 1984); *United States v. Anthon*, 648 F.2d 669, 672-74 (10th Cir. 1981).

The Second, Fourth, and Eighth Circuits, on the other hand, have found sufficient *Miranda* warnings that did not specifically advise a suspect of his right to have an attorney present during questioning. *See e.g. United States v. Burns*, 684 F.2d 1066 (2nd Cir. 1982); *United States v. Frankson*, 83 F.3d 79, 81-82 (4th Cir. 1996); *United States v. Caldwell*, 954 F.2d 496, 500-04 (8th Cir. 1992).

The Seventh Circuit, in *United States v. Adams*, 484 F.2d 357, 361-62 (7th Cir. 1973), has also held that a suspect had been *Mirandized* effectively despite the fact that the warnings he

4

received did not inform him specifically of his right to have an attorney present during questioning. Arman attempts to distinguish *Adams* from the present case by arguing that the *Miranda* warnings in *Adams* were issued to a suspect "on the street" at the time of arrest, whereas Arman was *Mirandized* at the police station approximately 24 hours after his arrest. But, in *Adams*, the Seventh Circuit cited favorably *United States* v. *Lamia*, 429 F.2d 373 (2d Cir. 1970), which found sufficient *Miranda* warnings issued at the police station that did not specifically inform a suspect of his right to counsel during questioning, but informed him that he had the right to remain silent and to refuse to answer questions, that if he did not have an attorney, one would be provided without cost, and that anything he said could be used against him in court. *Id.* Thus, it appears that the Seventh Circuit has at least implicitly acknowledged that the failure to expressly tell a suspect either on the street or at the police station that he can have an attorney present during questioning does not render *Miranda* warnings constitutionally deficient when, taken as a whole, the warnings made this right clear. *Id.*

In this case, there is no constitutionally significant distinction between the warnings given Arman and the warnings found sufficient in *Lamia* and *Adams*. Arman was advised that he had the right to an attorney and to have an attorney present before making any statement, and that if he could not afford an attorney, one would be appointed. These warnings explicitly communicated to Arman his right to have an attorney. As in *Lamia* and *Adams*,

> The defendant here was given the essential information he needed to understand that he had the choice to remain silent or to make any statements he wished to make after consulting with an attorney and in the presence thereof. Thus, the warning reasonably conveyed to the petitioner his constitutional rights as required by *Miranda*.

*Jett* v. *Mitchell*, 1993 WL 478396, *1-2 (S.D.N.Y. 1993) (citations omitted).

5

Even if the *Miranda* warnings issued to Arman were defective, Arman is unable to demonstrate prejudice as a result of his trial counsel's failure to move to suppress his statement to the police in light of the overwhelming evidence of his guilt. In addition to Arman's incriminating statements, the government's case featured three cooperating defendants and two law enforcement officers who testified regarding purchases of counterfeit cameras from Arman. Further, the government presented items recovered from the search of Arman's store, including Sunny brand cameras with and without Canon labels affixed, Canon labels and price tags, and business records such as e-mails, Customs duty invoices, Rose Electronics invoices, and bills of lading, all of which demonstrated Arman's purchase and sale of Sunny brand cameras with Canon labels. Further, the government presented the testimony of Angela Patel, manager of a printing business, regarding her sale of Canon labels and "suggested retail price" labels to Arman. In light of this evidence, there is no reasonable probability that the outcome of would have been different even if Arman's incriminating statements had been excluded.

**B.    The Search Warrant Objection**

Arman next claims that his trial counsel was ineffective for failing to argue that the search warrant was not sufficiently particular in describing the items to be seized.

Even assuming that the search warrant was not sufficiently particular, the officers who conducted the search were relying in good faith on a warrant issued by a neutral and detached magistrate. Under the good faith exception to the exclusionary rule, suppression is appropriate only if "the magistrate rubber-stamped the warrant application, the officers were dishonest or reckless in preparing their affidavit, or the warrant was so lacking in probable cause that no officer could have relied on it." *United States* v. *Peck*, 317 U.S. 754, 757 (7th Cir. 2003) (citing

6

*United States* v. *Leon*, 468 U.S. 897, 926, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Arman does not argue that the issuing judge abandoned his role as a neutral and detached officer of the court when he issued the warrant. In addition, there is no dispute that the officers honestly believed that the search they conducted was authorized by a valid warrant. Thus, the only question is whether there was an objectively reasonable basis for the officers' belief. *Massachusetts* v. *Sheppard*, 468 U.S. 981, 988, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984).

While the warrant issued by the judge could have perhaps been more particular, it was not so lacking as to make it facially deficient. First, there was no evidence at the time of the search that there were genuine Canon cameras at Arman's store. As a consequence, the officers would have had no reason to believe that the warrant was potentially defective because it failed to distinguish between a counterfeit and a genuine Canon trademark. Second, the officers would have had probable cause to seize genuine Canon cameras as possible evidence of Arman's efforts to lure customers with genuine Canon cameras. Thus, even if the warrant had distinguished between counterfeit and genuine Canon trademarks, the search would have been identical in scope, and the same evidence would have been seized. Accordingly, there is no basis to conclude that the officers did not rely in good faith on the warrant, and the application of the good faith exception to the exclusionary rule is therefore appropriate.

Finally, even if the warrant was not sufficiently particular and the good faith exception did not apply, Arman is unable to demonstrate prejudice as a result of his trial counsel's failure to move to suppress the results of the search. Having already found that Arman's incriminating statements were properly admitted at trial, there is no reasonable probability that the result of the trial would have been different if Arman's trial counsel had successfully moved to suppress the

.evidence obtained during the search of Arman's store. The government's case would still have featured Arman's statements, along with the testimony of the three cooperating defendants and two law enforcement officers, as well as the testimony of Angela Patel. Even without the items obtained during the search of Arman's store, the government's case featured overwhelming evidence of Arman's guilt.

## CONCLUSION

For the foregoing reasons, Arman's petition for relief under 28 U.S.C. § 2255 [# 1] is denied in its entirety.

ENTER:

JOAN HUMPHREY LEFKOW
United States District Judge

Dated: February 2, 2006